UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MERCY L. REYES,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>   Defendant. | Case No.: C 05-1828 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR MOTION FOR AWARD OF ATTORNEY'S FEES UNDER THE EAJA** |

On June 26, 2007, the parties appeared before Magistrate Judge Patricia V. Trumbull for a hearing on Plaintiff's motion for award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). Both parties have consented to proceed before a United States Magistrate Judge. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Plaintiff's Motion for Award of Attorney's Fees and Costs is GRANTED in the amount of $5,769.91 and $266.79 respectively.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brought this action for Disability Insurance Benefits pursuant to section 205(g) of

the Social Security Act, 42 U.S.C. §405(g), to obtain review of a final administrative decision of the Defendant Commissioner of Social Security determining that the Plaintiff did not qualify for disability benefits. On February 13, 2007 this Court denied Plaintiff's Motion for Summary Judgment and remanded the matter for further clarification by the Administrative Law Judge ("ALJ"). Plaintiff brought the instant motion under the EAJA seeking an award of $5,769.91 in attorney's fees and $266.79 in costs.[1] Defendant opposed the motion on the grounds that his position had been substantially justified and also that the amount of fees requested was unreasonable.

## II.   LEGAL STANDARDS

Plaintiff is entitled to fees if this motion was timely, Plaintiff is the prevailing party, and Defendant's position was not substantially justified. *U.S. v. Rubin*, 97 F.3d 373, 375 (9th Cir. 1996).

### A.   Timeliness

Rule 54 of the Federal Rules of Civil Procedure provides, in relevant part, that "[u]nless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). In this case, "an EAJA application may be filed until 30 days after a judgment becomes "not appealable"- i.e., 30 days after the time for appeal has ended." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

### B.   Prevailing Party Status

The remand Plaintiff obtained in this case is a sentence four remand under 42 U.S.C. §405(g). Under the EAJA, a remand under sentence four of 42 U.S.C. §405(g) confers prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993); *Flores v. Shalala*, 49 F.3d 562 (9th Cir. 1995).

### C.   Substantial Justification

Defendant bears the burden of showing that his actions were substantially justified. "Under the EAJA, courts are required to grant costs and attorneys' fees to a prevailing party unless the government can demonstrate that its position was substantially justified." *Andrew v. Bowen*, 837

---

[1] On June 26, 2007, Plaintiff filed a Second Supplemental Declaration. According to Civil Local Rule 7-3(d), in relevant part, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Since Plaintiff's counsel did not seek Court approval, Plaintiff's supplemental declaration will not be considered.

F.2d 875, 878 (9th Cir. 1988); *see also Pacific Fisheries, Inc. v. U.S.*, 484 F.3d 1103 (9th Cir. 2007); *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

### III.   DISCUSSION

#### A.   Plaintiff is Entitled to an Award of Attorney's Fees

In this case, judgment was entered on March 21, 2007 and the present motion was filed on April 12, 2007. Accordingly, Plaintiff's motion was timely. There is no dispute that Plaintiff is the prevailing party because Plaintiff obtained a sentence four remand under 42 U.S.C. §405(g).

As a prevailing party, Plaintiff is entitled to attorney's fees unless the Secretary shows that his position with respect to the issue on which the court based its remand was "substantially justified." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995). In *Flores*, the remand was based on the ALJ's procedural error. The Ninth Circuit noted that the question of substantial justification "should have been directed to that procedural error and not to the question of ultimate disability." *Id.* The Ninth Circuit found that "[t]he Secretary's decision to defend [that] error was not substantially justified." *Id.* at 570.

In the present case, the issue of substantial justification goes to the procedural error committed by the ALJ in not articulating his reasons for his credibility findings, and not to the issue of whether Defendant was substantially justified in denying benefits. Defendant was required to show that his position in opposing the *remand* was substantially justified. Defendant did not meet this burden.

Defendant argues he was substantially justified because: 1) there were inconsistencies in Plaintiff's application; 2) this case was remanded only for further specificity by the ALJ; and 3) the ALJ identified discrepancies in the medical records.

##### 1.   Inconsistencies in Plaintiff's application were not substantial justification for opposing remand.

Defendant argues he was substantially justified because there were inconsistencies in Plaintiff's application that support the ALJ's conclusion and would "satisfy a reasonable person." This argument addresses whether Defendant would be substantially justified in denying benefits, which is not the issue. This argument does not address the question of whether Defendant was

substantially justified in opposing remand.

      **2.**      <u>Discrepancies in the medical records were not substantial justification for opposing remand.</u>

Defendant also argues he was substantially justified based on several discrepancies in Plaintiff's medical records. Defendant argues that Plaintiff stopped working because the company closed down, not because of her impairments. Defendant also lists additional discrepancies as to the extent of treatment sought and obtained by Plaintiff, and reports of her treating and examining physicians. Defendant argues that the ALJ's reasoning, although not specific enough, was not deficient enough to be unreasonable. Again, Defendant's arguments address whether benefits should be denied, not whether Defendant was substantially justified in opposing remand.

      **3.**      <u>The existence of evidence in the administrative record that *might* support the ALJ's credibility findings was not substantial justification for opposing remand.</u>

Defendant argues that because this case was remanded only for further specificity, the outcome will be the same and therefore, he was substantially justified because it is apparent that benefits should be denied.[2] This reasoning does not address the question of whether Defendant was substantially justified in opposing remand.

Defendant relies on *Williams v. Bowen*, 966 F.2d 1259 (9th Cir. 1991) in arguing that the government is substantially justified if there is conflicting evidence that must be weighed in order to make credibility findings. In the *Williams* case, the Secretary was substantially justified because Plaintiff's psychiatric evidence was ambiguous. Defendant, citing *Williams,* argues that despite the ALJ's poor articulation of his reasons for denying benefits, there was enough evidence to support the denial of benefits. However, the ambiguity of evidence in *Williams* is not analogous with the ALJ's inadequate articulation of his reasons in the present case.

---

[2] Contrary to Defendant's argument, it is not at all clear what conclusion the ALJ will reach when he applies the correct standard. The court's examples of evidence that *might* support the ALJ's credibility finding were only intended to be examples of why summary judgment for Plaintiff was not warranted. The court expects that the ALJ on remand will not simply cut and paste the court's examples into his opinion. Instead, the court expects the ALJ to evaluate all the evidence in the record using the proper standard and come to a well reasoned conclusion. It is premature at this stage to speculate regarding what the ALJ will ultimately decide.

The present case is directly comparable to *Flores v. Shalala*, 49 F.3d at 562, in which the Ninth Circuit held that the Secretary was not substantially justified in defending the ALJ's procedural error of not considering a "TEAM report" which would have aided in determining whether or not the claimant had a disability. Similarly, in the present case, the Secretary was not substantially justified in defending a procedural error that *requires* remand under clear Ninth Circuit precedent. "[T]he court may not affirm an ALJ's decision based on mere speculation as to the ALJ's specific reasons for his credibility finding." *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991).

### C. The Requested Fees Are Reasonable

Plaintiff requested $5,769.91 in fees representing 34.7 hours of work at $166.28 per hour as well as costs in the amount of $266.79. The amount of time spent and the billing rate are both reasonable under all the circumstances of this case. Accordingly, $5,769.91 is a reasonable award of attorney's fees and $266.79 is a reasonable award of costs.

### IV. ORDER

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Attorney's Fees and Costs is GRANTED in the amount of $5,769.91 and $266.79 respectively.

Dated: *7/25/07*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge